UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

WALLACE and TRACY FRANCIS,  No. 12-11910

                               Debtor(s).
_____/

WALLACE FRANCIS,

                               Plaintiff(s),

     v.  A.P. No. 13-1040

DEBORAH WALLACE,

                               Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

      Plaintiff and Chapter 7 debtor Wallace Francis and Defendant Deborah Wallace are former spouses, having divorced in 2009. Section 1.01 of their stipulated state court judgment of dissolution ("MSA") provides that Francis "will pay and hold [Wallace] harmless" from each liability listed. One of the listed liabilities was liability on any credit card account.

      Francis stopped making credit card payments, and Wallace commenced proceedings in state court to enforce her rights under the judgment on June 5, 2012. Francis and his current wife filed their

1

Chapter 7 petition a week later.

Section 523(a)(15) of the Bankruptcy Code provides that a debt owed to a former spouse incurred by the debtor in the course of a divorce or in connection with a divorce decree is not discharged. Notwithstanding this provision, Francis has commenced this adversary proceeding seeking a declaration that his obligation to hold Wallace harmless from the credit card debt has been discharged. He acknowledges that the debt arises from the divorce decree, but argues that because the agreement reads "hold harmless" and not "indemnify and hold harmless" that his obligation is not to Wallace and is therefore discharged. Wallace has moved for summary judgment.

Francis's argument is simply stated: "If the Plaintiff has no duty to indemnify Defendant, there cannot be any debt owed by Plaintiff to Defendant under the MSA." This statement is just wrong. Accepting his argument, drawn from non-marital cases, that indemnification is different from holding harmless, breach of an agreement to hold harmless in an MSA still creates a nondischargeable debt. It simply does not follow logically that if there is no duty to indemnify then there is no debt owed to the former spouse.

The second part of Francis's argument, that a hold-harmless provision in an MSA does not create a right enforceable by the former spouse, is not supported by law. *Either* an indemnity or a hold-harmless provision creates a nondischargeable obligation to a former spouse. *In re Wodark,* 425 B.R. 834, 837-38 (10th Cir. BAP 2010); *In re Montgomery,* 310 B.R. 169, 179 Bkrtcy.C.D.Cal. 2004)[Provision in MSA that "each party agrees to pay and hold the other harmless" creates a nondischargeable debt to former spouse under § 523(a)(15)] . A hold-harmless provision "falls squarely within the scope of § 523(a)(15)." *In re Putnam,* 2012 WL8134423*19 (Bkrtcy. E.D. Cal. 2012). Moreover, where an MSA recites that one spouse is to pay certain debts, there is a nondischargeable obligation owed to and enforceable by the former spouse even if the MSA contains *neither* an indemnity nor a hold-harmless provision. See *Montgomery*, at 180.

For the foregoing reasons, the court will grant Wallace's motion for summary judgment. The court finds that the attorney's fee provision in the MSA is broad enough to encompass the issues raised

2

Case: 13-01040    Doc# 12    Filed: 05/30/13    Entered: 05/30/13 16:36:37    Page 2 of 3

in this adversary proceeding, so Wallace shall recover her attorneys' fees as well as costs.

Counsel for Wallace shall submit an appropriate form of order granting the motion for summary judgment and a form of judgment.

Dated: May 30, 2013

                                                 Alan Jaroslovsky
                                                 Chief Bankruptcy Judge